UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:22-cr-00098 |
| CHRISTOPHER GASKIN | |

## ORDER

In October 2022, former defense counsel, W. Theodore Koch, III ("Attorney Koch"), filed an unopposed motion for a psychiatric evaluation and a competency hearing to determine whether the defendant, Christopher Gaskin ("Gaskin"), is competent to stand trial and assist properly in his own defense. Doc. No. 52. I granted that motion. Doc. No. 58. Mr. Gaskin subsequently underwent a competency evaluation by Dr. Merrill Mathew ("Dr. Mathew"). Thereafter, I held a competency hearing on March 21, 2023, with Mr. Gaskin present. *See* Min. Entry, Doc. No. 66. Having reviewed Dr. Mathew's evaluation and based on my own observations of Mr. Gaskin, I find as a matter of fact that Mr. Gaskin is competent to stand trial and to assist properly in his own defense.

### I.      STANDARD OF REVIEW

The right of an incompetent defendant not to stand trial is secured by the Due Process Clause of the United States Constitution. *See United States v. Kerr*, 752 F.3d 206, 215 (2d Cir. 2014). That constitutional right is further "safeguarded by 18 U.S.C. § 4241, which requires the district court, upon its own motion if necessary, to hold a competency hearing 'if there is a reasonable cause to believe that the defendant may … [be] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" *Id.* (quoting 18 U.S.C. § 4241(a)). A defendant's right not to stand trial while incompetent "'spans the duration of a criminal proceeding,' including

sentencing." *United States v. Jackson*, 648 F. App'x 67, 67 (2d Cir. 2016) (quoting *United States v. Arenburg*, 605 F.3d 164, 168–69 (2d Cir. 2010) (per curiam)).

Competency must be established by a preponderance of the evidence. *See* 18 U.S.C. § 4241(d). The court applies a two-pronged test to assess whether a defendant is competent to stand trial. First, the court must determine "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Dusky v. United States*, 362 U.S. 402, 402 (1960). Next, the court must determine "whether [the defendant] has a rational as well as factual understanding of the proceedings against him." *Id.* "In making a determination of competency, the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment." *United States v. Nichols*, 56 F.3d 403, 411 (2d Cir. 1995) (cleaned up).

## II.  DISCUSSION

On December 15, 2022, Dr. Mathew conducted a psychiatric evaluation of Mr. Gaskin. *See* Report, Doc. No. 60. Dr. Mathew's examination, coupled with his review of Mr. Gaskin's case file and conversations with Attorney Koch, led Dr. Mathew to opine that Mr. Gaskin is incompetent. *Id.*, at 1–2.

To reach that opinion, Dr. Mathew relies primarily on the first prong: whether Mr. Gaskin can consult with his lawyer with a reasonable degree of rational understanding. Specifically, Dr. Mathew noted that Mr. Gaskin exhibits "a high level of suspiciousness and paranoia," and that "Mr. Gaskin did not demonstrate the capacity to assist in his defense or to appropriately establish and maintain a collaborative relationship with his attorney." *Id.* at 8. But Dr. Mathew's opinion was based on Mr. Gaskin's unwillingness to both cooperate in the evaluation and work with Attorney Koch. Based on my own observations, the issue is not that

2

Mr. Gaskin cannot assist in his defense or have a working relationship with any attorney; it is that he does not want to work with Attorney Koch.

The breakdown of the attorney-client relationship was apparent during Dr. Mathew's examination and was even more palpable at the competency hearing. During the competency hearing, Mr. Gaskin explained that he believes that the instant criminal case should be dismissed because the initial stop that triggered his arrest was, in his view, unconstitutional. In accordance with that view, Mr. Gaskin has been steadfast in his belief that the evidence seized from that stop should be suppressed. Presumably, Attorney Koch felt differently about the strength of a potential motion to suppress and did not file one. In my view, that was the source of the attorney-client breakdown, and it was evident that the relationship between Mr. Gaskin and Attorney Koch became irreparable. Indeed, during the examination with Dr. Mathew, Mr. Gaskin stated that "he has never previously fired an attorney," but that he and Attorney Koch were "not on the same page." Report, Doc. No. 60, at 7.

Undeniably, Mr. Gaskin has strong beliefs about his defense strategy. But those beliefs do not diminish his ability to participate in his defense. The best evidence for that conclusion is what has happened since the competency hearing. Attorney Koch filed a motion to withdraw, and new counsel, Sebastian O. DeSantis ("Attorney DeSantis"), was appointed. At a telephonic status conference held on May 2, 2023, Attorney DeSantis, having worked with Mr. Gaskin for several weeks at that point, reported that he had no reason to question Mr. Gaskin's competency. My observations of Mr. Gaskin during the competency hearing confirm that finding, where Mr. Gaskin demonstrated both a willingness and ability to work with new counsel. Moreover, Mr. Gaskin himself has always maintained that he was competent and willing to work with counsel.

The second prong, whether Mr. Gaskin has a rational as well as factual understanding of the proceedings against him, is not even in dispute. Indeed, Dr. Mathew opined that:

> Mr. Gaskin was able to understand the allegations against him and understand the meaning of the charges. He demonstrated an understanding of the various courtroom procedures and personnel, including possible pleas and resulting outcomes of the pleas, and could describe the roles of courtroom personnel, such as the defense attorney, prosecuting attorney, and judge. He exhibited an understanding of relevant court terms including evidence, witnesses, and probation.

*Id.* at 8.

Taken together, I find as a matter of fact that Mr. Gaskin has the ability to consult with his lawyer "with a reasonable degree of rational understanding" and has a rational and factual understanding of the proceedings against him.

So ordered.

Dated at Bridgeport, Connecticut, this 12th day of June 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge