UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>CHRISTOPHER GASKIN | No. 3:22-cv-00098 (SRU) |

### ORDER ON MOTION TO DISMISS REGARDING SPEEDY TRIAL RIGHT

Christopher Gaskin ("Gaskin") has filed a motion to dismiss the charges against him because the Court did not hold trial within 70 days after his indictment was filed. Doc. No. 111. Gaskin argues that there have been two violations of his rights—a violation of his statutory right under the Speedy Trial Act, and a violation of his constitutional right under the Sixth Amendment. *Id*. at 1. For the reasons articulated below, his motion to dismiss is **denied**. Doc. No. 111.

**I.    Statutory Right to a Speedy Trial under the Speedy Trial Act**

  A.  Legal Standard

The Speedy Trial Act requires that a defendant's trial begin within 70 days "from the filing date (and making public) of the information or indictment, **or from the date the defendant has appeared** before a judicial officer of the court in which such charge is pending, **whichever date last occurs**." 18 U.S.C. § 3161(c)(1). Furthermore, the Speedy Trial Act sets forth numerous periods of delay that "shall be excluded" from the computation of those 70 days. 18 U.S.C. § 3161(h). Those periods of delay include but are not limited to periods of delay that result when a defendant files pretrial motions, files an interlocutory appeal, requests a continuance that is then granted by a judge, or undergoes a competency evaluation. *Id.*

The precise language of the Speedy Trial Act, in relevant part, states:

> **(c)(1)** In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, **or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.** If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. § 3161(c)(1) (emphasis added). The date of the indictment or arraignment is not counted; the first day is the day *after* the indictment or the arraignment. *United States v. Anderson*, 902 F.2d 1105, 1108 n.1 (2d Cir. 1990). Trial commences for purposes of the Speedy Trial Act on the day the jury is selected. *See United States v. Fox*, 788 F.2d 905, 908 (2d Cir. 1986).

The statute provides further instruction regarding the computation of time:

> **(h)** The following periods of delay **shall be excluded** in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> > **(1)** Any period of delay resulting from other proceedings concerning the defendant, including **but not limited to**--
> >
> > > **(A) delay resulting from any proceeding, including any examinations, to determine the mental competency** or physical capacity **of the defendant**;
> > >
> > > **(B) delay resulting from trial with respect to other charges against the defendant**;
> > >
> > > **(C) delay resulting from any interlocutory appeal**;
> > >
> > > **(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion**;
>
> ***

> **(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.**
>
> ***
>
> **(3)(A) Any period of delay resulting from the absence or unavailability of the defendant** or an essential witness.
>
> ***
>
> **(7)(A) Any period of delay resulting from a continuance granted by any judge** on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. . . . .
>
> ***

18 U.S.C. § 3161(h) (emphases added).

  B.  <u>Application of the Speedy Trial Act</u>

As I articulate in greater detail below, in this case, the most significant causes of delay to Gaskin's jury trial have been certain actions by Gaskin or his counsel. Those actions include Gaskin's motion to continue his jury trial, Gaskin's competency proceedings, and Gaskin's interlocutory appeal. The delays resulting from those actions are all excluded by the Speedy Trial Act from the 70-day timeframe. As I conclude in my computation below, the Court has not exceeded the Speedy Trial Act's 70-day deadline for Gaskin because only 34 non-excluded days will lapse before the date of Gaskin's jury selection.

The Speedy Trial Act mandates that a criminal defendant's trial commence "within seventy days from the filing date (and making public) of the information or indictment, **or** from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, **whichever date last occurs**." 18 U.S.C. § 3161(c)(1) (emphasis added). "Trial

3

. . . 'commences' for purposes of the [Speedy Trial] Act with the *voir dire* of the jury." *Fox*, 788 F.2d at 908. Gaskin was indicted on May 18, 2022. Doc. No. 18. His arraignment, or the first "date [Gaskin] has appeared before a judicial officer of the court in which such charge is pending," was on **June 6, 2022**. Doc. No. 24; *see also United States v. Lynch*, 726 F.3d 346, 352-53 (2d Cir. 2013) ("[I]it was only when [the defendant] appeared in the District of Connecticut for his arraignment on the indictment that the seventy-day period for trial commenced.") (applying the "date the defendant has appeared before a judicial officer of the court in which such charge is pending" statutory language to the defendant's arraignment because that arraignment was the defendant's first appearance in the court after he was charged). The statute instructs the Court to measure from "whichever date last occurs." 18 U.S.C. § 3161(c)(1). Here, June 6, 2022, the date of Gaskin's arraignment, is the date that last occurs. The count therefore begins the day after the arraignment, or **June 7, 2022**. *See United States v. Anderson*, 902 F.2d at 1108 n.1; *United States v. Pena*, 793 F.2d 486, 488 (2d Cir. 1986). Measuring from June 7, 2022, Gaskin's trial would need to commence by August 15, 2022. But the analysis does not stop there. *See* 18 U.S.C. § 3161(h) (Speedy Trial Act's statutory language setting forth additional instructions for computing time).

Section 3161(h) of the Speedy Trial Act, portions of which are quoted above, also describes certain periods of delay that shall be excluded in calculating the seventy-day deadline. Several events throughout the course of this case fall into those excluded categories set forth by section 3161(h) of the Speedy Trial Act. 18 U.S.C. § 3161(h). Statutory exclusions have the effect of extending the date by which trial must commence. Below, I discuss each of those excluded periods in turn.

On July 1, 2022, Gaskin's counsel filed a motion to withdraw and appoint new counsel for Gaskin. Doc. No. 25. The Court granted that motion to withdraw on July 7, 2022. Doc. No. 26. Gaskin's new counsel was added on July 12, 2022. Therefore, the period of time between **July 1, 2022** and **July 12, 2022** is excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H).

On July 18, 2022, Gaskin's newly appointed CJA counsel filed a motion to withdraw and to appoint new counsel for Gaskin. Doc. No. 29. On July 25, 2022, the Court granted that motion and ordered new counsel be appointed for Gaskin. Doc. No. 30. Gaskin's new counsel filed an appearance on July 28, 2022. Doc. No. 31. Therefore, the period of time between **July 18, 2022** and **July 28, 2022** is excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H).

On August 3, 2022, Gaskin's counsel filed a motion to continue his jury trial, requesting a jury trial date of "late April or early May of 2023." Doc. No. 34 at 1. I issued an order granting Gaskin's motion to continue his jury trial and rescheduling jury selection to April 7, 2023. Doc. No. 35. I found that granting Gaskin's request for a continuance served "the ends of justice . . . because failure to grant a continuance would deprive Gaskin, and his newly appointed counsel, of an opportunity to effectively prepare for trial and thoroughly review discovery." *Id.* Accordingly, based on the language of 18 U.S.C. § 3161(h)(7), the period between the date of my order granting Gaskin's motion to continue jury trial and the new jury selection date I set in that order are excluded from the 70-day calculation. Those dates are **August 4, 2022** through **April 7, 2023**. In addition, the period of time in which I took Gaskin's motion to continue under advisement and ruled on it, or **August 3, 2022** through **August 4, 2022**, is also excluded pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(1)(H).

5

On October 4, 2022, Gaskin's counsel filed a motion for a psychiatric exam to evaluate Gaskin's competence to stand trial. Doc. No. 52. On December 9, 2022, I granted the motion for a psychiatric exam. Doc. No. 58. Gaskin's counsel filed a competency report on January 26, 2023. Doc. No. 60. A competency hearing was held on March 21, 2023. Doc. No. 66. Accordingly, the proceedings related to Gaskin's competency are automatically excluded periods under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A).[1] That period began when Gaskin's counsel filed a motion for a psychiatric exam on **October 4, 2022** and concluded when I ruled on the competency motion on **June 12, 2023**. Doc. No. 91. *See* 18 U.S.C. § 3161(h)(1)(A). Although those days are automatically excluded under the statute, I did not issue an express Speedy Trial Act finding regarding those dates. Instead, during the competency hearing on March 21, 2023, Gaskin orally waived his right to a speedy jury trial for an additional 60 days from April 7, 2023, as reflected in the minutes and transcript for the competency hearing. *See* Doc. No. 66 at 2; Doc. No. 80 at 65. Thus, after Gaskin's oral waiver at the competency hearing, on March 21, 2023, I issued an order concluding that "the ends of justice served by continuing the jury selection date outweigh the best interest of the public and Gaskin in a speedy trial because failure to grant a continuance would deprive Gaskin and his newly appointed counsel . . . of an opportunity to effectively prepare for trial and thoroughly review discovery." Doc. No. 68 (citing 18 U.S.C. § 3161(h)(7)) Accordingly, I held that pursuant to Speedy Trial Act section 3161(h)(7), the period of time between my Speedy Trial Act order, which I issued on **March 21, 2023**, and **June 16, 2023** are excluded from the Speedy Trial Act computation. *Id*.

On May 15, 2023, Gaskin filed a motion to suppress. Doc. No. 78. A hearing on Gaskin's motion to suppress was held on June 5, 2023. Doc. No. 84. Gaskin filed a supplemental motion

---

[1] As previously articulated, the period of time from August 4, 2022 through April 7, 2023 was already excluded from the Speedy Trial Act calculation on another basis—my order granting Gaskin's motion to continue jury trial pursuant to 18 U.S.C. § 3161(h)(7). *See* Doc. No. 35.

to suppress and motion to dismiss on June 11, 2023. Doc. No. 88. On June 14, 2023, I issued an order denying Gaskin's motions to suppress and dismiss. Doc. No. 95. The time from filing to decision of a motion to suppress, which is a type of pretrial motion, is automatically excluded under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D) (excluding from the 70-day calculation a "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); *see also Henderson v. United States*, 476 U.S. 321, 332 (1986). Even though the statute automatically excludes from the 70-day period the time it took to hear and rule on Gaskin's motions to suppress, that is, from **May 15, 2023** through **June 14, 2023**, I did not delay jury selection. I maintained June 16, 2023 as the date of jury selection in order to prevent further delay of Gaskin's jury trial. *See* Doc. No. 84. Doc. No. 90.

On June 16, 2023, the Court attempted to hold jury selection for Gaskin. Doc. No. 96. Gaskin, however, refused to participate in jury selection because he intended to file an interlocutory appeal of the Court's ruling on the motions to suppress. *See id*. On the record that morning, I told Gaskin that "[i]f [he] were to file a notice of appeal, what would happen is the Second Circuit would say that there is no right to appeal and [he] would be right back here, but [he'd] be waiting in custody during that period of time." Doc. No. 105 at 6. Gaskin nevertheless insisted on filing the interlocutory appeal. *Id.* at 6-8. After the court session concluded on June 16, 2023, I granted Gaskin's request to postpone jury selection so that he could file his interlocutory appeal. In granting his request to postpone jury selection, I issued a Speedy Trial Act finding pursuant to 18 U.S.C. § 3161(h)(7), which excluded the time from the date the Speedy Trial Act order was filed, **June 16, 2023**, through **September 5, 2023**, from the 70-day deadline. Doc. No. 98.

On June 21, 2023, Gaskin filed his notice of appeal in pursuit of his interlocutory appeal. Doc. No. 99. The Speedy Trial Act excludes from the 70-day calculation any "delay resulting from any interlocutory appeal." 18 U.S.C. § 3161(h)(1)(C). The time period during which Gaskin's interlocutory appeal was pending—that is, from **June 21, 2023** through **January 9, 2024**—is therefore automatically excluded from the 70-day calculation under the Speedy Trial Act. *Id.*

On January 24, 2024, the Court held a status conference, during which jury selection was scheduled for February 2, 2024. Doc. No. 113; Doc. No. 114. After the conclusion of the conference, I issued a Speedy Trial Act order finding that the delay resulting from Gaskin's interlocutory appeal is excludable under 18 U.S.C. § 3161(h)(1)(C) and that, *inter alia*, the ends of justice are served by continuing Gaskin's jury selection so that the parties may "properly brief Gaskin's pending motions, propose voir dire questions and jury instructions, and file motions [in] limine." Doc. No. 115. I therefore concluded that the period of time between the Second Circuit's mandate, **January 9, 2024**, and the new date of jury selection, **February 2, 2024**, is excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A). *Id.*

In summary, the Speedy Trial Act requires that Gaskin's jury trial commence from the later of two dates—his indictment or his arraignment. Because his arraignment occurred after the filing of his indictment, the arraignment date serves as the starting point for his 70-day timeframe. Gaskin was arraigned on June 6, 2022. Therefore, the starting date is **June 7, 2022**. *Anderson*, 902 F.2d at 1108 n.1 (For purposes of a Speedy Trial Act computation, the first day is the day *after* the indictment or the arraignment.).

In addition, under the statute, the following time periods are excluded from the 70-day calculation[2]:

- July 1, 2022 through July 12, 2022 (18 U.S.C. § 3161(h)(1)(D), (h)(1)(H));
- July 18, 2022 through July 28, 2022 (18 U.S.C. § 3161(h)(1)(D), (h)(1)(H));
- August 3, 2022 through August 4, 2022 (18 U.S.C. §§ 3161(h)(1)(D), (h)(1)(H));
- August 4, 2022 through April 7, 2023 (18 U.S.C. § 3161(h)(7));
- October 4, 2022 through June 12, 2023 (18 U.S.C. § 3161(h)(1)(A));
- March 21, 2023 through June 16, 2023 (18 U.S.C. § 3161(h)(7));
- May 15, 2023 through June 14, 2023 (18 U.S.C. § 3161(h)(1)(D));
- June 16, 2023 through September 5, 2023 (18 U.S.C. § 3161(h)(7));
- June 21, 2023 through January 9, 2024 (18 U.S.C. § 3161(h)(1)(C)); and
- January 9, 2024 through February 2, 2024 (18 U.S.C. 3161(h)(7)(A)).

Examining the dates above reveals that there are only **34 non-excluded days** that have lapsed since Gaskin's arraignment. Those periods are:

- June 7, 2022 through June 30, 2022 (24 days);
- July 13, 2022 through July 17, 2022 (5 days); and
- July 29, 2022 through August 2, 2022 (5 days).

Because only 34 non-excluded days will lapse before the date of Gaskin's jury selection, the Court has not exceeded the Speedy Trial Act's 70-day timeframe. *See Fox*, 788 F.2d at 908 ("Trial . . . 'commences' for purposes of the [Speedy Trial] Act with the *voir dire* of the jury."). Jury selection on February 2, 2024 conforms with the requirements of the statute, and **Gaskin's statutory rights under the Speedy Trial Act have not been violated**.

---

[2] These are not necessarily the only days that are excludable from the 70-day timeframe pursuant to the Speedy Trial Act. 18 U.S.C. § 3161.

Furthermore, Gaskin is advised that if he does not appear for jury selection on February 2, 2024, **any delay resulting from his non-appearance is also excludable under the Speedy Trial Act**. 18 U.S.C. § 3161(h)(3)(A) (excluding "[a]ny period of delay resulting from the absence or unavailability of the defendant").

## II. Constitutional Right to a Speedy Trial under the Sixth Amendment

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Unlike the Speedy Trial Act, the Sixth Amendment right to speedy trial does not set an explicit timeframe or temporal deadline. The Supreme Court has stated that the constitutional "right to speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied. . . . The right of a speedy trial is necessarily relative. It . . . depends on the circumstances." *Barker v. Wingo*, 407 U.S. 514, 521 (1972). Additionally, "unlike the right to counsel or the right to be free from compelled self-incrimination, deprivation of the right to speedy trial does not per se prejudice the accused's ability to defend himself." *Id.* (cleaned up).

To determine whether a delay violates the Sixth Amendment, the Supreme Court has created a four-part balancing test. That test weighs the following factors: (1) the "[l]ength of delay," (2) "the reason for the delay," (3) "the defendant's assertion of his right" to a speedy trial, and (4) the prejudice caused by the delay. *Barker*, 407 U.S. at 530. The Supreme Court "regard[s] none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id*. at 533.

The first factor, the "[l]ength of delay," is, according to the Supreme Court, "a triggering mechanism," where "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for the inquiry into the other factors." *Id*. at 530. The offense that Gaskin has been charged with allegedly occurred on January 1, 2022. Doc. No. 18 at 1. Accordingly, I will assume for the sake of argument that the length of delay is presumptively prejudicial here.

The second factor under *Barker* is "the reason for the delay." *Id*. Regarding that factor, the Supreme Court instructs that

> different weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Id*. at 531. In Gaskin's case, the most significant delays in his case are due to motions he or his counsel filed. *See, e.g.*, Doc. No. 34 (Gaskin's motion to continue trial); *see also United States v. Tigano*, 880 F.3d 602, 616-17 (2d Cir. 2018) ("[W]e normally presume that a defense attorney is carrying out his or her client's chosen trial strategy and that any delays resulting from that strategy count against the defendant."); *United States v. Vasquez*, 918 F.2d 329, 338 (2d Cir. 1990) (considering that "most of the 26 months [delay] at issue was consumed by consideration of defendants' various pretrial motions"). That includes the competency proceedings initiated by Gaskin's counsel. Doc. No. 52; Doc. No. 66. Most significantly, on June 16, 2023, Gaskin filed an interlocutory appeal of my order denying his motions to suppress, even though I expressly warned him that an interlocutory appeal of that order was procedurally improper, was likely to be dismissed by the Second Circuit, and would delay his trial. *See* Doc. No. 99; Doc. No. 105 at 5-12. Had Gaskin not filed his interlocutory appeal, jury selection for his trial would have

commenced on June 16, 2023, and indeed a pool of prospective jurors was ready to participate in jury selection that very morning. *See* Doc. No. 96. Accordingly, because motions filed by Gaskin, who at times acted of his own accord and at times was represented by counsel, are largely the reason for the substantial delay, I conclude that the second factor weighs against a constitutional violation.

The third factor is "the defendant's assertion of his right" to a speedy trial. *Barker*, 407 U.S. at 530. For that factor, the Second Circuit takes note of when a defendant "cite[s] his speedy trial rights . . . opportunistically, raising his speedy trial right when it suited his interests but not when the delay benefited him." *United States v. Abad*, 514 F.3d 271, 275 (2d Cir. 2008) (per curiam). At times throughout the proceedings in this case, Gaskin has paradoxically asserted his right to a speedy trial while simultaneously insisting on measures that delay his jury trial. For example, on June 16, 2023, when Gaskin halted his jury selection in order to file a frivolous interlocutory appeal, Gaskin emphasized that he was not waiving his right to a speedy trial. Doc. No. 105 at 11-12. Nevertheless, he insisted on filing the interlocutory appeal, even though I repeatedly informed him that "if [he] proceed[s] as [he] want[s] to, [he's] going to sit in prison, [he's] going to be told that [he] can't appeal, and then [he's] going to have to come back and schedule this [jury selection] in a few months." Doc. No. 105 at 12. In response, Gaskin expressly acquiesced to that likelihood of delay. *Id*. (responding, "All right."). Thus, because the record shows that Gaskin "opportunistically rais[ed] his speedy trial right when it suited his interests but not when the delay benefited him," I conclude that the third factor weighs against a constitutional violation. *Abad*, 514 F.3d at 275.

The fourth factor is the prejudice caused by the delay. *Barker*, 407 U.S. at 530. "Prejudice . . . should be assessed in the light of the interests of defendants which the speedy trial

12

right was designed to protect. [The Supreme Court] has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last." *Id.* at 532. In support of his argument that he has been prejudiced, Gaskin asserts generally that his isolation in jail has hindered his ability to produce a defense. Doc. No. 111 at 15. Elsewhere in his motion, he also discusses difficulties he has had in having legal visits with his counsel while confined in pretrial detention. *Id.* at 10. Gaskin also grieves the conditions of his confinement in pretrial detention and the mental toll of waiting for trial. *See id.* at 12. In *Williams*, the Second Circuit upheld a district court's determination that the defendant had "failed to articulate prejudice from the delay with any specificity," where the defendant only submitted that "[w]itnesses have disappeared; recollections are dim; and the investigation is impaired." *United States v. Williams*, 372 F.3d 96, 113 (2d Cir. 2004). Here, like in *Williams*, Gaskin's assertions of prejudice lack specificity, and Gaskin's allegations regarding potential trial-related prejudice are especially vague. *See United States v. Cain*, 671 F.3d 271, 297 (2d Cir. 2012) ("[W]e have generally required a showing of some significant trial-related disadvantage in order to establish a speedy-trial violation."). Still, the Court is sympathetic to the onerous conditions of pretrial detention that Gaskin describes, and the mental, physical, and logistical toll that pretrial detention imposes. Accordingly, the fourth factor is neutral.

Thus, applying the *Barker* standard, which includes the four *Barker* factors "together with such other circumstances as may be relevant," I conclude that **Gaskin's Sixth Amendment right to a speedy trial has not been violated**. *Barker*, 407 U.S. at 533.

## III.     Conclusion

For the foregoing reasons, I conclude that neither Gaskin's statutory right to a speedy trial pursuant to the Speedy Trial Act, nor his constitutional right to a speedy trial pursuant to the Sixth Amendment, has been violated. Gaskin's motion to dismiss based on his right to a speedy trial is therefore **denied**. Doc. No. 111.

So ordered.

Dated at Bridgeport, Connecticut, this 30th day of January 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge