UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>CHRISTOPHER GASKIN | No. 3:22-cr-98 (SRU) |

**ORDER GRANTING GASKIN'S MOTION TO WAIVE HIS PRESENCE AT TRIAL**

Christopher Gaskin ("Gaskin") has moved to be excused from being present at his criminal trial. Doc. No. 133. The government does not object to Gaskin's request. *See* Doc. No. 134. For the reasons set forth below, I construe Gaskin's statements and behavior to constitute both an express and an implied waiver of his constitutional right to be present for his trial. I accept his waiver, and I hold that the public's interest in proceeding with Gaskin's trial outweighs Gaskin's interest in being present. Gaskin's motion to waive his presence at trial is **granted**. Doc. No. 133.

**I.      Legal Standard**

A criminal defendant has a right "to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *Cohen v. Senkowski*, 290 F.3d 485, 489 (2d Cir. 2002) (quoting *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975)); *see also* U.S. Const. amend. VI. "Although trial courts must vigorously safeguard a criminal defendant's right to be present, a defendant may expressly or effectively waive the right." *United States v. Fontanez*, 878 F.2d 33, 36 (2d Cir. 1989); *see also* Fed. R. Crim. P. 43(c). That waiver "must be both 'knowing' and 'voluntary'." *Fontanez*, 878 F.2d at 36 (citation omitted).

When a defendant does not expressly waive his right to be present, courts look to the defendant's conduct to determine whether an implied waiver was "knowingly and voluntarily made." *Cohen*, 290 F.3d at 491. "[O]nly minimal knowledge on the part of the accused is required when waiver is implied from conduct." *Id.* (quoting *United States v. Nichols*, 56 F.3d 403, 416 (2d Cir. 1995)).

The Supreme Court has held that it is improper to "impute knowledge" of a waiver of the right to be present to "a defendant who absconds prior to trial." *Crosby v. United States*, 506 U.S. 255, 256, 261-62 (1993). Because "the notion that trial may be commenced in absentia still seems to shock most lawyers," the Court concluded that "it would hardly seem appropriate to impute knowledge that [a trial in the defendant's absence] will occur to" the defendant who absconds. *Id.* (quoting Starkey, *Trial in Absentia*, 54 N.Y.St.B.J. 30, 34, n.28 (1982)).

Knowledge can be imputed, however, to a defendant who is "deliberate[ly] absen[t] from trial once it ha[s] commenced in his presence." *Fontanez*, 878 F.2d at 36; *see also Crosby*, 506 U.S. at 261.[1] Although a defendant's presence at the beginning of trial "makes it more likely 'that any waiver is indeed knowing,' . . . in some situations the requisite knowledge can be conclusively found even if the defendant is not present when the trial begins." *Smith v. Mann*, 173 F.3d 73, 76 (2d Cir. 1999). For example, the Second Circuit has also held that knowledge and voluntariness can be imputed when a defendant "refuse[s] to attend the trial just before jury selection began and after both his counsel and the court warned him of the consequences of his

---

[1] Courts have held that the commencement of trial with respect to Federal Rule of Criminal Procedure 43(c) is on the day of jury selection. *See United States v. Sterling*, 738 F.3d 228, 236 (11th Cir. 2013) ("[T]rial commences no later than on the day of jury selection, without respect to whether the defendant is present at the time prospective jurors enter the courtroom."); *see also United States v. Lucky*, 569 F.3d 101, 104-05, 107-08 (2d Cir. 2009); *United States v. Shanks*, 962 F.3d 317, 322-23 (7th Cir. 2020); *United States v. Krout*, 56 F.3d 643, 645 (5th Cir. 1995), *cert. denied*, 516 U.S. 1076 (1996).

failure to appear." *Cuoco v. United* States, 208 F.3d 27, 30 (2d Cir. 2000). Knowledge can also be imputed in circumstances where a judge "discuss[es] the process in open court several times while [the defendant] [is] present," and neither the defendant nor his counsel object to the defendant's absence. *Tankleff v. Senkowski*, 135 F.3d 235, 247 (2d Cir. 1998); *Cohen*, 290 F.3d at 491-92 (holding the same).

Furthermore, a criminal defendant can "lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Illinois v. Allen*, 397 U.S. 337, 343 (1970). "Once lost, the right to be present can . . . be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." *Id.*

**II.     Discussion**

A. Gaskin Has Expressly Waived His Right to Be Present

Gaskin has expressly waived his right to be present at his trial. On February 23, 2024, Gaskin executed a sworn, handwritten affidavit expressly stating that he is "fully aware of the fact that [he is] able to testify on [his] own behalf as well as be present in a court of law in [his] own defense." Doc. No. 133-1 at 1. He explains that he has "continually waived" those rights in court. *Id.* Furthermore, he threatens violence, stating that if he the U.S. Marshals "physically extract [him] from . . . [his] prison cell, [he] shall defend [his] position by any [and] all means available to [him] until the cause of death." *Id.*

Additionally, prior to Gaskin's submission of an affidavit, Gaskin also waived his right to be present on the record during an in-court conference held immediately prior to jury selection.

*See supra* n.1. In open court, Gaskin expressed his position that "[t]hese proceedings are illegal" and repeatedly requested to be removed from the court. *See* Doc. No. 133-2 at 29. He explained that if he were to participate in jury selection, that would mean that "[he is] in agreement with the proceedings." *Id.* at 30. On the record, Gaskin's counsel stated that Gaskin was "making a knowing decision" and that Gaskin "understands" the "ramifications." *Id.* at 33. In an effort to "vigorously safeguard" Gaskin's "right to be present," I nevertheless explained the consequences to Gaskin on the record. *Fontanez*, 878 F.2d at 36. I confirmed with Gaskin that he understood that he has a right under the Constitution and the Federal Rules to be present for jury selection, and that it was in his best interest and the best interest of his legal defense not to waive that right. Doc. No. 133-2 at 30-41. Gaskin repeatedly expressed his comprehension, stating that he understood that he had a right to be present, that he had conferred with his counsel regarding "whether it makes sense to waive that right," and that he was nonetheless voluntarily waiving his constitutional right. *See id.* at 37-42.

Accordingly, Gaskin has expressly waived his constitutional right to be present at his trial.

B. <u>Gaskin's Conduct Also Constitutes an Implied Waiver</u>

Even if I were to disregard Gaskin's express waivers, Gaskin's conduct alone demonstrates a knowing and voluntary waiver of his right to be present. Gaskin has impliedly waived his right to be present by being disruptive in court and by threatening violence. Gaskin has submitted a sworn affidavit stating that if he were to be removed by U.S. Marshals from his cell and taken to court for his trial, he "shall defend [his] position by any [and] all means available to [him] until the cause of death." Doc. No. 133-1 at 1. Gaskin's counsel has reported the same, explaining that "Gaskin is clear on his intentions not to leave his cell in Bridgeport

4

unless by force and intends on preventing that with extreme measures," which "will only cause undue harm upon him and the officers." Doc. No. 133 at 9.

Furthermore, on the morning of jury selection on February 2, 2024, Gaskin behaved in a matter that was exceedingly disruptive—including, among other things: interrupting the Court; shouting at the Court and at his counsel; repeatedly declaring that the proceedings were illegal and vowing that "[e]very time" the Court "bring[s] a juror in," he is "going to say . . . "these are illegal proceedings, they're holding me against my will, they're violating my rights"; and stating that he has "already been disruptive enough" to warrant removal from court. *See generally* Doc. No. 133-2.

As discussed above, immediately prior to jury selection on February 2, 2024, both Gaskin's counsel and the Court explained the consequences of Gaskin's absence from his trial. Moreover, during the pretrial conference on February 23, 2024, Gaskin's counsel stated that he has "gone over with Mr. Gaskin over and over again the problems [his absence from trial is] going to cause, the potential prejudice it will cause against him by not being present, and that it's his absolute right to present." Gaskin's counsel maintained that Gaskin is "aware of everything that's occurring," and that his counsel has "kept him duly informed of everything," giving "him copies of everything." Gaskin remains "very involved in this case [and] very knowledgeable about all the facts." *See also* Doc. No. 133 at 4 (reporting the same). Nevertheless, according to his counsel, Gaskin has elected not to participate as an act of "protest." *See id.* at 8. I therefore conclude that Gaskin's implied waiver is knowing and voluntary.

C. The Public Interest in Proceeding Outweighs Gaskin's Interest in Attending His Trial

Requiring Gaskin's presence in court would threaten the safety of the U.S. Marshals, the jury, court staff, and Gaskin himself. Gaskin has threatened to "defend" himself against the U.S.

5

Marshals "by any [and] all means available to [him] until the cause of death." Doc. No. 133-1 at 1. Gaskin is a man of large stature, who appears strong, and who, according to his counsel, has previously received "serious assault charges involving other inmates" in prison. Moreover, the Acting U.S. Marshal for this District has reached out to me to express deep concern for the safety of the U.S. Marshals in his employ should those U.S. Marshals be required to use force against Gaskin. Accordingly, I conclude that proceeding with Gaskin's trial in his absence is necessary for public safety.

In addition, proceeding with trial serves the public's interest in a speedy trial. The constitutional right to a speedy trial not only protects the interests of the accused, but also "the public's interest in an efficient judicial system." *United States v. Cabral*, 979 F.3d 150, 156 (2d Cir. 2020). This is not the first time that Gaskin has attempted to delay his trial. On June 16, 2023, the Court was prepared to pick a jury to hear Gaskin's case, with a pool of prospective jurors assembled to participate in jury selection. Gaskin, however, refused to participate, electing instead to file an interlocutory appeal of my order denying his motion to suppress, even though I explained to him that an interlocutory appeal of that order was procedurally improper and likely to be dismissed. *See* Doc. No. 99; Doc. No. 105 at 5-12. Accordingly, I conclude that preventing Gaskin from further delaying his trial serves the public's interest.

### III.     Conclusion

For the foregoing reasons, I conclude that Gaskin has both expressly and impliedly waived his constitutional right to be present for his jury trial, and the public's interest in proceeding with his trial outweighs his right to be present. Gaskin's motion to waive his presence at trial is therefore **granted**. Doc. No. 133.

Gaskin is nevertheless advised that if at any point he changes his mind regarding his waiver, he may withdraw that waiver, and the Court will make all the necessary arrangements to ensure his presence for the remainder of his trial. In addition, the Court will endeavor to establish a video link between Bridgeport Correctional Center, where Gaskin is being held, and the courtroom so that Gaskin can observe the trial, which may cause him to reconsider his decision to waive his right to attend.

So ordered.

Dated at Bridgeport, Connecticut, this 25th day of February 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge