## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES | No. 3:22-cr-98 (SRU) |
| v. | |
| CHRISTOPHER GASKIN | |

### ORDER ON MOTION FOR RECONSIDERATION

Christopher Gaskin ("Gaskin") has filed a motion seeking reconsideration of my order on his motion to dismiss the indictment due to claimed speedy trial violations ("my Order"). Doc. No. 136; *see also* Doc. No. 119-1.[1] For the reasons discussed below, Gaskin's motion for reconsideration is **denied**. Doc. No. 136; *see also* Doc. No. 130.

### I.    Standard of Review

"Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions 'have traditionally been allowed within the Second Circuit.'" *United States v. Brown*, 511 F. Supp. 3d 431, 434 (W.D.N.Y. 2021) (quoting *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006))., *aff'd*, 2021 WL 5872940 (2d Cir. Dec. 13, 2021). "Courts have held that motions for reconsideration [in criminal cases] are governed by the standard applicable to the equivalent civil filing." *United States v. Reyes*, 2013 WL 1882305, at *1 (D. Conn. May 3, 2013) (collecting cases).

"The standard for granting . . . a motion [for reconsideration] is strict." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked—

---

[1] Gaskin has filed two versions of his motion for reconsideration. *See* Doc. No. 130; Doc. No. 136. Because only one line differs between the two motions, I will treat his second motion for reconsideration as a corrected version of the first.

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* Courts have granted motions for reconsideration in limited circumstances, including: (1) where there has been an "intervening change of controlling law"; (2) where new evidence has become available; or (3) where there is a "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478 at 790). On the other hand, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).

## II.     Discussion

In his motion for reconsideration, Gaskin renews his argument that his constitutional and statutory rights to a speedy trial have been violated. *See generally* Doc. No. 136. Because the legal standards for constitutional and statutory rights to a speedy trial differ, I will address each issue in turn.

### A.   Constitutional Right to a Speedy Trial

Gaskin seeks reconsideration of my ruling, which held in part that Gaskin's constitutional right to a speedy trial had not been violated. *See* Doc. No. 119-1 at 13. Gaskin relies on *United States v. MacDonald*, a 1982 Supreme Court case that held in relevant part that "[i]n addition to the period after indictment, the period between arrest and indictment must be considered in evaluating a Speedy Trial Clause claim." 456 U.S. 1, 7 (1982).

In the portion of my Order in which I considered whether Gaskin's constitutional right to a speedy trial had been violated, I applied the four-factor test in *Barker*. *Barker v. Wingo*, 407

U.S. 514 (1972). *Barker* was a "landmark" decision, in which the "the United States Supreme Court enunciated specific criteria by which to judge claims of deprivation of the right to a speedy trial." *McCarthy v. Manson*, 554 F. Supp. 1275, 1299 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983). *Barker* "[r]eject[ed] . . . 'inflexible approaches,'" and "established a 'balancing test, in which the conduct of both the prosecution and the defendant are weighed.'" *Vermont v. Brillon*, 556 U.S. 81, 90 (2009) (quoting *Barker*, 407 U.S. at 529, 530). The four *Barker* factors I therefore considered in my Order were (1) the "[l]ength of delay," (2) "the reason for the delay," (3) "the defendant's assertion of his right" to a speedy trial, and (4) the prejudice caused by the delay. *Barker*, 407 U.S. at 530.

The Court shares Gaskin's opinion that the length of time Gaskin has spent in pretrial detention is unfortunate. It is for that reason that, in applying the first *Barker* factor, my Order concluded that the length of time that had passed was presumptively prejudicial to Gaskin. *See* Doc. No. 119-1 at 11 ("The first factor, the '[l]ength of delay,' is, according to the Supreme Court, 'a triggering mechanism,' where '[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for the inquiry into the other factors.' . . . Accordingly, I will assume for the sake of argument that the length of delay is presumptively prejudicial here."). I also expressly considered the length of time not only between Gaskin's indictment and his trial, but also between Gaskin's initial confrontation with law enforcement and his trial. *Id.* Indeed, in determining that the length of time was prejudicial, I considered that "[t]he offense that Gaskin has been charged with allegedly occurred on January 1, 2022." *Id.*

Nevertheless, in applying the other three *Barker* factors and considering those factors in balance with one another, I concluded that Gaskin's constitutional right to a speedy trial had not been violated by the delay. One of the factors that weighed most persuasively in that conclusion

was factor two, the reason for the delay. I determined that "because motions filed by Gaskin, who at times acted of his own accord and at times was represented by counsel, are largely the reason for the substantial delay . . . the second factor weighs against a constitutional violation." Doc. No. 119-1 at 12.

Because my analysis of Gaskin's constitutional right to a speedy trial considered the length of time between Gaskin's arrest and his trial—and not merely the time between his indictment and trial—Gaskin has not raised any matters that I "overlooked" or that "might reasonably be expected to alter" my ruling. *Shrader*, 70 F.3d at 257. His request for reconsideration of my ruling on his constitutional right to a speedy trial is therefore denied.

### B. Statutory Right to a Speedy Trial

Gaskin also seeks reconsideration of my ruling on his statutory right to a speedy trial pursuant to the Speedy Trial Act. 18 U.S.C. § 3161. Gaskin argues that the "[Sixth] Amendment considers the start date as the arrest date." Doc. No. 136 at 3.

Here, I must reiterate that the legal standards for the the constitutional right to a speedy trial and the statutory right to a speedy trial differ. As previously discussed, the test for the constitutional right to a speedy trial is not the seventy-day statutory language of the Speedy Trial Act, but the flexible four-factor *Barker* test. *See Barker* 407 U.S. 514; *see also Brillon*, 556 U.S. at 90. Gaskin is correct about the arrest date to the extent that *when applying the four-factor* Barker *test*, courts are to consider the time before the indictment, that is, the date of the arrest. The statutory right to a speedy trial, however, differs, and courts applying the Speedy Trial Act are to follow the language of that statute as prescribed by Congress. *See United States v. Taylor*, 487 U.S. 326, 336 (1988).

As I explained in my Order, "[t]he Speedy Trial Act requires that a defendant's trial begin within 70 days 'from the filing date (and making public) of the information or indictment, **or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs**.'" Doc. No. 119-1 at 1 (quoting 18 U.S.C. § 3161(c)(1) (emphasis added)). The word "charge" in that excerpt refers to a formal charge, and not to an earlier stage, such as the date of the arrest. *See* 18 U.S.C. § 3161(b) (referring to "[a]ny information or indictment charging an individual with the commission of an offense" as distinguished from "the date on which such individual was arrested or served with a summons."); *see also United States v. Hillegas*, 578 F.2d 453, 457 (2d Cir. 1978) (stating that the Speedy Trial Act was not "intended to impose time limits in addition to those provided for by the Constitution with respect to government investigations undertaken while the defendant is not the subject of formal proceedings."). Moreover, as I explained in my Order, "the date the defendant has appeared before a judicial officer of the court in which such charge is pending" is the first date that the defendant appeared in court *after* the formal charge. *See United States v. Lynch*, 726 F.3d 346, 352-53 (2d Cir. 2013) (applying the "date the defendant has appeared before a judicial officer of the court in which such charge is pending" statutory language to the defendant's arraignment because that arraignment was the defendant's first appearance in the court after he was indicted); *see also* Doc. No. 119-1 at 4.

Accordingly, my Order, which started counting from the date of Gaskin's arraignment after his indictment was filed, or June 6, 2022, was the correct application of the Speedy Trial Act. *See* Doc. No. 119-1 at 4; Doc. No. 24; *see also* 18 U.S.C. § 3161(c)(1). Gaskin's request to use the date of arrest for the Speedy Trial Act calculation is thus denied as unsupported by the language of the statute.

5

**III.    Conclusion**

In conclusion, because Gaskin has not "point[ed] to controlling decisions or data that the court overlooked," his motion for reconsideration, doc. no. 136, is **denied**. *Shrader*, 70 F.3d at 257.

The first version of Gaskin's motion for reconsideration, doc. no. 130, which his subsequent version corrects, is also **denied**. *see supra* note 1.

So ordered.

Dated at Bridgeport, Connecticut, this 29th day of February 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge